UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FEDERAL TRANSTEL, INC.,
and AMI SHAFRIR,

      Plaintiffs,

v.

WARREN, AVERETT, KIMBROUGH
& MARINO, L.L.C.,

      Defendant.

CIVIL ACTION NO. CV-04-HS-88-S

**ENTERED**

**OCT 14 2004**

**OPINION REGARDING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the court on a motion for summary judgment filed by the Defendant, Warren, Averett, Kimbrough & Marino, L.L.C. ("WAKM"). Doc. 13. The Plaintiffs are Federal Transtel, Inc., and Ami Shafrir, who formerly owned a majority interest in Transtel. A hearing on the motion has been held.

WAKM performed accounting services for Transtel. Count 1 of the complaint alleges breach of contract. Counts 2 and 3 allege active concealment and professional malpractice, respectively.

WAKM argues that the Plaintiffs lack standing to prosecute this action, and that Shafrir is estopped from claiming a right of recovery. The court is not persuaded that Transtel lacks standing, and finds that the evidence with respect to the issue of estoppel is inconclusive. Accordingly, the motion for summary judgment will be denied.

1

## I. BACKGROUND

Transtel filed for chapter 11 bankruptcy relief in the Northern District of Alabama on December 11, 2001. Complaint to Avoid Preferential Transfers (Exhibit B of removal notice, doc. 1), at ¶ 1. Thomas E. Reynolds was appointed by the bankruptcy court to serve as trustee of Transtel's bankruptcy estate. Id. at ¶ 2.

On July 17, 2003, the bankruptcy court granted Reynolds' motion to approve a settlement wherein Reynolds assigned to Shafrir the estate's right to a portion of any proceeds realized from "potential claims against professionals." Exhibit B of Settlement Agreement, which is exhibit 2 of Doc. 21). See Exhibit 1 of Doc. 21; Settlement Agreement at p. 5, ¶ 9. Pursuant to the settlement, Shafrir was charged with sole responsibility "for prosecuting said claims in the name of" Transtel, and he also bore "responsibility to select and pay attorneys and other professionals" for such prosecution. Id.

The complaint commencing this action was filed in Jefferson County Circuit Court on December 9, 2003. The caption identifies the Plaintiffs as "Federal Transtel, Inc., . . . and Ami Shafrir, an individual and Assignee of Federal Transtel, Inc." WAKM removed the action to this court on January 15, 2004, claiming federal jurisdiction based on both diversity of citizenship and the pending bankruptcy proceedings.

## II. DISCUSSION

*Standard of Review*

"A summary judgment motion should be granted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law.'" National Alliance for the Mentally Ill v. Board of County Commissioners, 376 F.3d 1292, 1294 (11th Cir. 2004) (quoting F.R.Civ.P. 56(c)). A "genuine issue of material fact" exists only "[i]f a reasonable jury could . . . find in favor of the nonmoving party." Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004). "[T]he evidence and all factual inferences therefrom" are to be viewed "in the light most favorable to the party opposing the motion." National Alliance, 376 at 1294 (citation omitted). Summary judgment can be entered on the basis of the nonmoving party's failure "to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hosp., 373 F.3d 1151, 1154 (11th Cir. 2004) (*per curiam*).

*Validity of Court Order*

WAKM argues that the bankruptcy court erred in approving Reynolds' assignment of claim proceeds to Shafrir. The court disregards this argument, as it is one which must be made in bankruptcy court, or in a direct appeal from the bankruptcy court's ruling. See Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) (permitting the respondents to "collaterally attack the [Middle District of Florida] Bankruptcy Court's Section 105 Injunction in the federal courts in Texas," rather than challenging the order in bankruptcy court and appealing to the Florida district court if necessary, would "seriously undercut[ ] the orderly process of the law"); see also Spartan Mills v. Bank of America Illinois, 112 F.3d 1251, 1255 (4th Cir. 1997) ("If the bankruptcy court had jurisdiction to enter these orders, under *Celotex* we must consider them binding on Spartan Mills, even if they were in error, and therefore must reject this collateral attack.").[1]

---

[1] WAKM argues that the bankruptcy court's order was not entered in conformity with the requirements of procedural due process. See WAKM's Brief (doc. 13) at 5-7. However, WAKM concedes that one of its own principals testified at the hearings which culminated in entry of the order. See id. at 6-7. WAKM makes no attempt to explain why it could not, at a minimum, file a motion in bankruptcy court asking for reconsideration of the order. Cf. Spartan

3

*Assignablilty of Tort Claims*

Citing Miller v. Jackson Hosp. & Clinic, 776 So.2d 122 (Ala. 2000), WAKM asserts that "[u]nder Alabama state law, tort claims, especially personal torts, are unassignable." WAKM's Brief (doc. 13) at 8. Consequently, WAKM argues, the trustee could not assign counts 2 and 3 -- the claims for active concealment and professional malpractice.

A tort is "personal" if it "involv[es] or consist[s] in an injury to one's person, reputation, or feelings, as distinguished from an injury or damage to real or personal property." Black's Law Dictionary (8th ed. 2004). Contrary to what WAKM suggests, Miller pertains solely to torts which are "purely personal." Miller, 776 So.2d at 125. Torts which are non-personal are not subject to the rule against assignment. See City of Birmingham v. Walker, 101 So.2d 250, 259 (Ala. 1958) ("It is . . . accepted American doctrine that all causes of action arising from torts to real or personal property, by which its value is diminished, . . . are . . . assignable." (citation omitted)).

Counts 2 and 3 are not personal-tort claims. Miller is therefore inapplicable.

*Section 6-5-440*

Section 6-5-440 states that "[n]o plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party." Ala. Code § 6-5-440. Compare Ex parte Myer, 595 So.2d 890, 892 (Ala. 1992) ("The 'courts of this state' include the federal courts within Alabama.") with Central Reserve Life Ins. Co. v. Kiefer, 211 F.R.D. 445, 448 (S.D. Ala. 2002) (Section 6-5-440 "has been held to be applicable in diversity actions in the absence of any overriding federal considerations."). On the basis of § 6-5-440, WAKM argues that an

---

Mills, 112 F.3d at 1256 ("[I]f Spartan Mills knew that proper bankruptcy procedure had not been followed, its remedy was to seek reconsideration from the bankruptcy court itself or to appeal to the district court . . . .").

4

adversary proceeding in Transtel's bankruptcy case, filed the day before this action was commenced, "bars this case from going forth." WAKM's Brief at 8-9. See Ala. Code § 6-5-440 ("[T]he pendency of the former [action] is a good defense to the latter if commenced at different times.").

The adversary proceeding is based on 11 U.S.C. § 547(b), which authorizes the trustee to recover certain pre-bankruptcy-petition payments made to a creditor if those payments allow the creditor to receive more than it otherwise would have received on its claim in a chapter 7 bankruptcy liquidation. See Exhibit B of WAKM's Brief. This is obviously not the "same cause" as the Plaintiffs' claims against WAKM. See generally Ex parte Sears, Roebuck & Co., __ So.2d __, 2004 WL 1637925, at *5 (Ala. July 23, 2004) ("Whether § 6-5-440 applies depends on whether a judgment in one action would be res judicata as to the other.").

*Shafrir's Bankruptcy*

WAKM argues that Shafrir lacks standing because on October 17, 2001, an involuntary chapter 7 bankruptcy proceeding was commenced against him in California. WAKM's Brief at 9. The assumption apparently underlying this argument is that Shafrir's ownership interest in the claims asserted in this action belong to the trustee of his bankruptcy estate, rather than to Shafrir. See generally 11 U.S.C. § 541(a) (providing that the commencement of a bankruptcy case "creates an estate," and identifying the debtor's property interests which comprise that estate); 11 U.S.C. § 323(a) (The bankruptcy trustee "is the representative of the estate."); see also, e.g., In re Alvarez, 224 F.3d 1273, 1280 (11th Cir. 2000) ("[A]s we have concluded that the legal malpractice cause of action . . . is property of Alvarez's [chapter 7] bankruptcy estate, and as there is no indication in the record before us that the trustee has abandoned this claim, Alvarez may not maintain this suit without participation by the trustee.").

The filing of an involuntary petition, however, does not automatically divest the debtor of his property rights. The Bankruptcy Code provides that, "except to the extent that the court orders otherwise, and until an order for relief in the case," an involuntary debtor "may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced." 11 U.S.C. § 303(f). Compare 11 U.S.C. § 303(h) (An order for relief against the involuntary debtor is to be entered if "the petition is not timely controverted," or if, following a trial, a determination is made that either (1) the debtor generally has not been paying his uncontested debts as they become due; or (2) a custodian of the debtor's property was appointed within 120 days prior to the filing of the involuntary petition); 11 U.S.C. § 303(g) (allowing for the appointment of an "interim trustee," prior to entry of an order for relief, "if necessary to preserve the property" of an involuntary debtor's estate). There is no allegation that an order for relief has entered against Shafrir, or that an interim trustee has been appointed, or that the court presiding over his involuntary bankruptcy proceedings has otherwise prevented Shafrir from "using" his property as he sees fit. The court therefore rejects WAKM's contention that the involuntary bankruptcy petition precludes Shafrir from bringing this action.

*Estoppel*

WAKM argues that Shafrir sold his stock in Transtel. Since he is no longer a shareholder of Transtel, WAKM reasons, Shafrir cannot hold WAKM liable for mishandling the Transtel account. See generally Boykin v. Arthur Andersen & Co., 639 So.2d 504, 510 (Ala. 1994) ("Basic principles of justice require that an accounting firm be held liable for its intentional or negligent dissemination of inaccurate financial reports to specifically foreseen and limited groups of third parties for whose benefit and guidance the accounting firm supplied the information.").

6

Shafrir maintains in response that his signatures on the stock-sale documents were forged. According to WAKM, Shafrir is estopped from challenging the validity of the stock sale because he has, or could have, raised the issue in various law suits prosecuted in state court. WAKM also asserts that Shafrir is barred from recovering on his claims by the doctrine of *in pari delicto*.

The court has reviewed the evidence on these points, and determines that it is not so one-sided as to mandate summary judgment in favor of WAKM.

### III. CONCLUSION

There is a genuine issue of fact as to whether Shafrir is estopped from asserting an ownership interest in Transtel, or from obtaining relief on the basis of his own alleged misconduct. WAKM's other theories as to why either Plaintiff lacks standing are unpersuasive. Its motion for summary judgment will therefore be denied.

Dated: October 13, 2004.

VIRGINIA EMERSON HOPKINS
UNITED STATES DISTRICT JUDGE